**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Tom Clark, #092678, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:11-1690-MBS-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Anthony J. Padula, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Tom Loren Clark ("Clark"), is an inmate with the South Carolina Department of Corrections serving a sentence of life imprisonment without the possibility of parole ("LWOP") for attempted kidnapping and ten years for assault and battery of a high and aggravated nature ("ABHAN"). He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 27, 2011. Respondent filed a return and motion for summary judgment on January 26, 2012. Because Clark is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 27, 2012 explaining to him his responsibility to respond to the motion for summary judgment. Clark filed his response to Respondent's motion on April 4, 2012.

## Background and Procedural History

On July 19, 1996, a female leaving Columbiana Mall in Richland County around 9:00 p.m. was assaulted while attempting to enter her vehicle. She struggled, and was able to blow her horn. When other shoppers began to approach, the assailant fled. They pursued the assailant and were able to catch and detain him until security and police arrived. Clark was arrested. He was charged with attempted kidnapping, attempted car jacking, ABHAN, and attempted strong armed robbery.

Clark proceeded to trial on September 15, 1997. He was represented by John Mobley, Esquire. The jury found Clark guilty of attempted kidnapping and ABHAN. Based on his prior record,[1] he was sentenced to LWOP under the South Carolina recidivist statute, S.C.Code Ann. § 17-25-45.

A direct appeal was filed by way of an Anders[2] brief of the South Carolina Office of Appellate Defense raising the following issue:

> Did the lower court have authority to sentence appellant to a life sentence under S.C.Code § 17-25-45, when his prior offense is not included in that section?

(App. 997).

Clark did not file a *pro se* brief pursuant to state procedure. The appeal was dismissed by the South Carolina Court of Appeals. *See* State v. Clark, Unpub.Op.No. 2000-UP-469 (Ct.App. filed June 21, 2000) (App. 1005). Clark did not seek further review and the Court of Appeals returned the Remittitur on July 22, 2000.

Clark then began a series of collateral attacks on his conviction:

---

[1]At the time of the incident, Clark was on parole for 1978 convictions for burglary, housebreaking, grand larceny and ABHAN.

[2]Anders v. California, 386 U.S. 738 (1967).

1.  Clark v. South Carolina, 00-CP-40-4227 ("PCR I").

Clark filed his first application for post conviction relief, PCR I, on October 17, 2000 (App. 1006). An evidentiary hearing was held on July 25, 2002. (App. 1031). Clark was represented by Tara Dawn Shurling, Esquire. The PCR court issued an order denying relief on January 13, 2003. (App. 1224). Ms. Shurling filed an appeal by way of a petition for writ of certiorari in the South Carolina Supreme Court. The petition does not appear to be in the record before this Court. The petitioner for writ of certiorari was denied on August 19, 2004. The Remittitur was returned on September 8, 2004. (*See* ECF 20-13 and 14).

2.  Clark v. South Carolina, 05-CP-40-4210 ("PCR II").

Almost a year later, on August 23, 2005, Clark filed PCR II. (ECF 20-15). Simultaneously, Clark filed a petition for a writ of habeas corpus in the Court of Common Pleas for Richland County, Clark v. South Carolina, 05-CP-40-4219 ("SHC"). (ECF 20-16). Ultimately, both actions were dismissed. On June 16, 2006, PCR II was dismissed as being untimely and successive pursuant to state law. (ECF 20-29). The SHC was dismissed on the same date because state habeas petitions must be filed in the South Carolina Supreme Court and if construed as a PCR it was also untimely and successive. (ECF 20-20, 24 and 30).

Clark appealed both cases. The South Carolina Supreme Court dismissed the appeal of PCR II on August 31, 2006. (ECF 21-6). The Remittitur was returned on September 18, 2006. (ECF 7). The South Carolina Court of Appeals dismissed the appeal of SHC on November 8, 2006. (ECF 21-9). The Remittitur was returned on November 28, 2006. (ECF 21-11).

3. <u>Clark v. South Carolina</u>, 07-CP-40-3056 ("PCR III")

Clark filed PCR III on May 16, 2007. (ECF 21-12). A conditional order of dismissal was issued on July 11, 2007. (ECF 14). A final order of dismissal was issued on October 12, 2007. (ECF 21-19). Clark's appeal was dismissed by the South Carolina Supreme Court on November 30, 2007. (ECF 21-22). His motion for a rehearing was denied on January 23, 2008 (ECF 21-24), and the Remittitur was returned on the same day (ECF 21-25).

4. <u>Clark v. South Carolina</u>, 09-CP-40-2979 ("PCR IV")

Clark filed his final PCR on April 23, 2009. (ECF 21-28). A conditional order of dismissal was issued on September 24, 2010. (ECF 21-30). PCR IV was finally dismissed on January 14, 2011. (ECF 21-32). A motion to amend the judgment was denied on March 16, 2011. (ECF 21-34). Clark's appeal of PCR IV was dismissed by the South Carolina Supreme Court on March 21, 2011. (ECF 37). The Remittitur was returned on April 6, 2011. (ECF 21-38).

**Grounds for Relief**

In his present habeas petition, Clark attacks both his 1978 convictions and his 1997 convictions. He argues that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Did the Circuit Court lack jurisdiction void indictment (78-GS-40-0841), and unconstitutionally used 1978 conviction to enhance 1997 conviction?

**Ground Two:** Did prosecutor's conduct constitute constructive and extrinsic fraud; and fraud upon the courts[?]

**Ground Three:** Did the PCR court and South Carolina Supreme Court err in dismissing 60(b) motion as attempt to overcome procedural ba[r]rier?

**Ground Four:**         Did the South Carolina Supreme Court impermissibly heighten the standard for *pro se* review for writ of certiorari[?]

### Discussion

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite

6

filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

Clark's 1997 conviction became final on October 10, 2000, ninety days after the Remittitur was returned on July 11, 2000. The ninety day period is to give a defendant time to seek review by the United States Supreme Court following direct appeal in the state courts. Harris v. Hutchinson,

*supra*. The statute of limitations began to run at that time and continued to run until PCR I was filed

on October 17, 2000. The statute of limitations was tolled until the Remittitur ending the appeal was

sent on September 8, 2004. Clark's other PCR's and his SHC were ruled not to have been properly

filed under South Carolina procedure by the South Carolina courts. Thus, they did not toll the statue

of limitations. There is little in the record with respect to Clark's 1978 convictions. (*See* App. 1083-

1098). Suffice it to say that these convictions became final, and Clark had one year from April 24,

1996 (the effective date of the AEDPA) to challenge these convictions. Under these concepts,

Clark's present petition is untimely as to both his 1978 and 1997 convictions.

Clark does not address Respondent's arguments concerning violation of the statute of

limitations in his <u>Roseboro</u> response. However, in an attachment to his petition he argues that the

state courts wrongfully rejected PCR IV because he filed it within one year of discovery of the

"predicate." (attachment, p. 2-3). In PCR IV Clark appeared to argue that his 1978 indictments were

defective and that the State, through fraud, improperly used the convictions from the defective

indictments to enhance his 1997 sentence. These arguments were rejected by the PCR court.

The South Carolina PCR statutes also contain a one year statute of limitations. With respect

to after-discovered evidence, the existence of "after-discovered evidence" may entitle a defendant

to a new trial in state court or allow for a successive PCR in state court. Under South Carolina

procedure, a convicted defendant may move "for a new trial based on after-discovered

evidence...within a reasonable period after the discovery of the evidence." Rule 29(b), S.C.Crim.P.

To be successful the party seeking the new trial based on after-discovered evidence must show that

the evidence: (1) is such as would probably change the result if a new trial was had; (2) has been

discovered since the trial; (3) could not by the exercise of due diligence have been discovered before

the trial; (4) is material to the issue of guilty or innocence; and (5) is not merely cumulative or impeaching. Hayden v. State, 278 S.C. 610, 299 S.E.2d 854 (1983). S.C. Code § 17-27-45(C).

The AEDPA's statute of limitations contains a similar provision. 28 U.S.C. § 2244(d)(1)(D) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>         *                   *                *
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Both statutes require due diligence on the part of the person seeking relief. Clark's claims (Grounds 1 and 2) relate to his allegation that the 1978 indictment was somehow defective, depriving the trial court of subject matter jurisdiction.[3] The court in PCR IV specifically rejected this claim.

With respect to the AEDPA statute of limitations, which Clark has not addressed, he has not shown that the later time period available under § 2244(d)(1)(D) would apply to him. This later period begins "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. [T]he prisoner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim." Ocon-Parada v. Young, 2010 WL 2928590, *6 (E.D.Va.) (internal quotations and citations omitted).

---

[3]Clark's other claims (Grounds 3 and 4) assert violation of South Carolina procedure and are not cognizable as federal habeas claims.

Insofar as Clark is arguing that the statute of limitations began to run when he discovered the alleged deficiency in the 1978 indictments in April of 2009, and therefore, is entitled to the later beginning point under § 2244(d)(1)(D), such argument must be rejected. There is nothing in the record to suggest that Clark exercised due diligence. Indictments are a matter of public record. If there is any deficiency in the 1978 indictments, that information was available to him at that time, and since that time.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

July 2, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).