IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Tom Clark, #092678, | ) | |
|---|---|---|
| | ) | C/A No. 3:11-1690-MBS |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Anthony J. Padula, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Tom Clark is an inmate of the South Carolina Department of Corrections who currently is housed at the Lee Correctional Institution in Bishopville, South Carolina. Petitioner, appearing pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The § 2254 petition is deemed to have been filed on July 12, 2011, pursuant to Houston v. Lack, 487 U.S. 266, 270-71 (1988).

This matter is before the court on Respondent's motion for summary judgment, which motion was filed January 26, 2012. ECF No. 19. Respondent asserts, among other things, that Petitioner's § 2254 motion is barred by the one year limitations period set forth in 28 U.S.C. § 2244(d). By order filed January 27, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition to Respondent's motion on April 4, 2012.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge filed a Report and Recommendation on July 2, 2012, in which he determined that Petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d). Accordingly, the Magistrate Judge

recommended that Respondent's motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on July 17, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

I. FACTS

The facts are set forth in detail in the Report and Recommendation. Briefly, Petitioner was indicted in April 1978 for housebreaking, grand larceny, aggravated assault and battery, and burglary. ECF No. 20-12, 42. Petitioner proceeded to trial. On July 27, 1978, Petitioner was found guilty of burglary, grand larceny, and assault and battery of a high and aggravated nature. Id. at 46. Petitioner was sentenced by the Honorable David W. Harwell to incarceration for the balance of his natural life as to burglary; ten years concurrent as to grand larceny, and ten years concurrent as to assault and battery of a high and aggravated nature. Id. at 44-45.

Petitioner subsequently was paroled. Petitioner was indicted in March 1997 for assault and battery of a high and aggravated nature, attempted kidnaping, and attempted carjacking. ECF No. 20-11, 445-51. Petitioner was found guilty by a jury of assault and battery of a high and aggravated nature and attempted kidnaping. He was found not guilty of attempted carjacking. Petitioner was sentenced to a term of incarceration of life without parole as to attempted kidnaping and ten years

incarceration for assault and battery of a high and aggravated nature, to be served concurrently. ECF No. 20-12, 1, 33. Petitioner appealed his conviction to the South Carolina Court of Appeals. The appeal was reviewed pursuant to Anders v. California, 386 U.S. 738 (1967), and State v. Williams, 406 S.E.2d 357 (S.C. 1991). The appeal was dismissed on June 21, 2000. ECF No. 20-11, 42. The Remittitur was issued on July 11, 2000. ECF No. 20-11, 40.

On October 17, 2000, Petitioner filed an application for post-conviction relief (PCR), asserting that he had received ineffective assistance of trial and appellate counsel. ECF No. 20-10, 16-26. An amended PCR application was filed on Petitioner's behalf by PCR counsel on May 20, 2002. ECF No. 20-10, 33. A second amended PCR application was filed on June 18, 2002. ECF No. 20-10, 39. An evidentiary hearing was held on July 25, 2002 before the Honorable Alison R. Lee. ECF No. 20-10, 41-90. On January 13, 2003, Judge Lee filed an order denying post-conviction relief. ECF No. 83-89. Petitioner timely appealed the order and filed a petition for writ of certiorari. See ECF No. 20-12, 90. The South Carolina Supreme Court denied the petition for writ of certiorari by order filed August 19, 2004. The Remittitur was issued on September 8, 2004.

On August 23, 2005, Petitioner filed a second PCR application. ECF No. 20-15, 1-17. At the same time, Petitioner filed a petition for writ of habeas corpus in the Court of Common Pleas for Richland County, South Carolina. ECF No. 20-16, 1-6. On January 30, 2006, the State filed a return and motion to dismiss as to each filing. ECF Nos. 20-17, 1-9; 20-18, 1-8. On January 31, 2006, the Honorable J. Ernest Kinard, Jr. issued a conditional order of dismissal as to the second PCR application on the grounds that the PCR application was successive under S.C. Code Ann. § 17-27-90. Judge Kinard also issued a conditional order of dismissal on January 31, 2006, in which he determined, among other things, that the petition for writ of habeas corpus was improperly brought

3

in Circuit Court rather than in the original jurisdiction of the South Carolina Supreme Court. ECF No. 20-20, 2-8; see Keeler v. Mauney, 500 S.E.2d 123, 124 (S.C. 1998) (discussing habeas relief in original jurisdiction of South Carolina Supreme Court). On February 23, 2006, Petitioner filed in each case objections to the conditional orders. ECF No. 20-22, 1-14. Judge Kinard, unaware of Petitioner's February 23, 2006 filings, issued final orders as to each case on May 18, 2006 in which he failed to address Petitioner's objections. ECF No. 20-23, 20-24. On January 26, 2012, Petitioner filed motions pursuant to S.C. R. Civ. P. 59(e) and 60(b)(1)(3), asserting that Judge Kinard had erred in failing to consider Petitioner's February 23, 2006 filings.

On June 16, 2006, Judge Kinard filed an order granting Petitioner's Rule (59)(e) motion in part as to the conditional order on Petitioner's second PCR application. Judge Kinard thereafter amended his final order with respect to Petitioner's second PCR application, but did not change his conclusion that Petitioner's second PCR application was barred as successive. ECF No. 20-29, 2-3. Also on June 16, 2006, Judge Kinard denied Petitioner's motion as to the petition for writ of habeas corpus. ECF No. 20-30, 2-3. Petitioner appealed Judge Kinard's rulings. ECF No. 21-1, 21-2. The South Carolina Supreme Court dismissed the appeal of the PCR denial on August 31, 2006. ECF No. 21-6. The Remittitur was issued on September 28, 2006. ECF No. 21-7. On November 8, 2006, the South Carolina Court of Appeals dismissed the appeal of the petition for writ of habeas corpus denial. ECF No. 21-9. The Remittitur was issued on November 28, 2006. ECF No 21-11.

On May 16, 2007, Petitioner filed a third PCR application. ECF No. 21-12. A conditional order of dismissal was issued by the Honorable Alison R. Lee on July 11, 2007. ECF No. 21-14. Petitioner filed objections to the conditional order of dismissal on July 31, 2007. ECF No. 21-15. A final order dismissing Petitioner's third PCR application as successive was issued on October 12,

2007. ECF No. 21-19. Petitioner appealed Judge Lee's order on December 24, 2007. ECF No. 21-20. The appeal was dismissed by the South Carolina Supreme Court on November 30, 2007. ECF No. 21-22. The Remittitur was issued on January 23, 2008. ECF No. 21-25.

Petitioner filed a fourth PCR application on April 23, 2009. ECF No. 21-28. On September 24, 2010, Judge Lee filed a conditional order of dismissal. ECF No. 21-30. Petitioner filed a response to the conditional order of dismissal on or about November 3, 2010. ECF No. 21-31. Judge Lee issued a final order of dismissal on January 12, 2011. ECF No. 21-32. Petitioner's appeal of Judge Lee's order was dismissed on March 21, 2011, and the South Carolina Supreme Court prohibited Petitioner from filing any further collateral actions in the Circuit Court challenging his 1978 or 1997 convictions without obtaining permission to do so. ECF No. 21-37. The Remittitur was issued April 6, 2011. ECF No. 21-38.

Petitioner seeks federal habeas review pursuant to § 2254 on the following grounds:

GROUND ONE: Did the Circuit Court lack jurisdiction void indictment (07-GS-40-0841); and unconstitutionally used 1978 conviction to make him ineligible for parole under the three strike law?

GROUND TWO: Did prosecutions conduct constituted constructive, and extrinsic fraud in a scienter manner when using a 1978 conviction to enhance sentence under § 17-27-45; and concealed fact that request lied on null and void notice instrument?

GROUND THREE: Did the Circuit Court err in dismissing Petitioner's 60(b) claim as an attempt to overcome procedural barrier?

ECF No. 1, 7-9.

The § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.

## II. DISCUSSION

Petitioner contends that the Magistrate Judge erred in finding that the within § 2254 petition is untimely. The court disagrees.

Title 28, United States Code, section 2244(d), which became effective on April 24, 1996, provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As the Magistrate Judge properly noted, Petitioner's 1997 conviction became final on October 10, 2000, ninety days after the Remititur was returned on July 11, 2000. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Therefore, Petitioner had until October 10, 2001 to seek federal habeas relief unless the period was tolled for a properly-filed PCR application. In this case, seven days passed before Petitioner filed his initial PCR application on October 17, 2000. The limitations period then was tolled until September 8, 2004, when the Remititur was returned from

the appeal of the first PCR. At that point, Petitioner had 358 days, or until approximately August 31, 2005, to file for federal habeas relief. Petitioner did not file the within § 2254 action until July 27, 2011, nearly six years after the limitations period expired. Petitioner's second, third, and fourth PCR applications did not toll the one-year limitations period set forth in § 2244(d) because they were not "properly filed" under state law, but were deemed to be successive. See Pettinato v. Eagleton, 466 F. Supp. 2d 641 (D.S.C. 2006).

As to Petitioner's 1978 convictions, Petitioner was required to raise any issue with those convictions within one year of April 24, 1996. See Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000) (utilizing Fed. R. Civ. P. 6(a) and holding that convictions final before the effective date of the AEDPA were subject to a limitations period that expired, unless tolled, on April 24, 1997). There is no evidence in the record to support a finding that the limitations period was tolled between April 24, 1996 and April 24, 1997 as to the 1978 convictions. The court concurs with the Magistrate Judge that Petitioner's § 2254 petition is untimely as to both Petitioner's 1978 and 1997 convictions.

Petitioner contends that his § 2254 petition is not time-barred because he was attempting to exhaust his remedies in state court. The court is not persuaded. Under the South Carolina Post Conviction Relief Act,

> [a]ll grounds for relief available to an applicant . . . must be raised in his original, supplemental, or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.

S.C. Code Ann. § 17-27-90.

Thus, Petitioner was obliged to raised all grounds for relief in his initial PCR application.

7

Petitioner asserts that he has newly discovered evidence that his indictment in his 1978 case was defective on its face. As the Magistrate Judge properly noted, newly discovered evidence may entitle a defendant to a new trial if the evidence could not have been discovered before the trial by the exercise of due diligence. See State v. Harris, 706 S.E.2d 526, 529 (S.C. Ct. App. 2011) (noting that the movant must show the evidence (1) is such as will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial by the exercise of due diligence; (4) is material to the issue; and (5) is not merely cumulative or impeaching) (citing State v. Spann, 513 S.E.2d 98, 99 (1999)). Any defect in the 1978 indictment could have been discovered prior to trial by the exercise of due diligence. Petitioner's contention is without merit.

## III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Respondent's motion for summary judgment (ECF. No. 19) is **granted** and the § 2254 petition is dismissed, with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly,

the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour<br>United States District Judge

September 11, 2012

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**